UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JESUS MANUEL QUINTERO, :
    Petitioner, :
     :
v. : No. 5:24-cv-4687
     :
COMMONWEALTH OF PENNSYLVANIA, :
    Respondent. :

**O P I N I O N**
Report and Recommendation, ECF No. 13 - Adopted in Part

**Joseph F. Leeson, Jr.**      February 27, 2025
**United States District Judge**

**I.   INTRODUCTION**

Petitioner Jesus Manuel Quintero filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, citing a lack of probable cause for his arrest and pre-trial detention. Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation ("R&R"), recommending that the habeas corpus claims be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the R&R is adopted in part and the habeas petition is dismissed.

**II.   BACKGROUND**

   **A.  State Court Proceedings**

Quintero was arrested on April 1, 2024, in the City of Reading and charged with one count of Prohibited Possession of a Firearm, in violation of 18 Pa.C.S. § 6105(a)(1); one count of Evading Arrest or Detention on Foot, in violation of 18 Pa.C.S. § 5104.2(a); and one count of Intentional Possession of a Controlled Substance By Person Not Registered, in violation of 35

P.S. § 780-113(a)(16).[1] The charges were held for court following a preliminary hearing. On August 21, 2024, Quintero filed an interlocutory appeal to the Pennsylvania Superior Court from the Order of the Berks County Court of Common Pleas denying his pro se pretrial suppression motion. The appeal was quashed on December 2, 2024.[2] The latest docket activity in the Court of Common Pleas is marked by a counseled Motion to Suppress Defendant's Statements filed on January 20, 2025. As of the date of this Opinion, the Motion to Suppress has not been decided and Quintero has not yet been convicted or sentenced on his state court charges.

### B. Federal Proceedings

On September 4, 2024, Quintero filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court, alleging a lack of probable cause for his April 2024 arrest. *See* ECF No. 1. An Amended Petition was filed on October 29, 2024, making the same allegations and including the following prayer for relief: "Damage[s] for my time lost . . . for being lock up without no evidence[] and my freedom back. . . ." *See* ECF No. 9 at 10. The matter was referred to Magistrate Judge Carol Sandra Moore Wells on November 26, 2024. *See* ECF No. 12. Judge Moore Wells issued a Report and Recommendation on December 9, 2024, finding that "Petitioner seeks damages as the sole remedy," and recommending that the Amended Petition be dismissed for failure to seek a remedy available in habeas corpus cases. *See* ECF No. 13. No objections were filed. The Court is now prepared to issue its ruling on the Report and Recommendation.

---

[1] *See* Docket Sheet, Crim. Action No. CP-06-CR-0001263-2024 (Berks County Court of Common Pleas).
[2] *See* 1167 MDA 2024

**III.    STANDARD OF REVIEW**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *cert. denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. WL 24908, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of the Virgin Islands v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

**IV.    ANALYSIS**

The Court agrees with Magistrate Judge Moore Wells that monetary relief is not available in habeas corpus cases. *See Preiser v. Rodriguez¸* 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). If damages were the only relief sought, Quintero could not obtain habeas relief. However in his Amended Petition, Quintero also seeks release from custody. *See* ECF No. 9 (requesting "my freedom back" as part of Quintero's request for relief). Thus, Quintero has sought a remedy available in habeas, but the Court will nonetheless decline to review his claim on grounds of prematurity and abstention.

022725

To the extent that Quintero's Amended Petition asks the Court to consider whether there was probable cause for Quintero's arrest on April 1, 2024, the Court must refrain from deciding those issues which remain pending in state court. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) ("Abstention is based upon the theory that '[t]he accused should first set up and rely upon his defense in the state courts [. . .] unless it plainly appears that this course would not afford adequate protection.'") (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971)); *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) ("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force.") (italics not in original); *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-501 (1941) ("Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies," like those that "relate[] to the enforcement of the criminal law. [. . .] These cases reflect a doctrine of abstention [. . .] whereby the federal courts[] restrain their authority because of scrupulous regard for the rightful independence of the state governments.") (internal citations omitted).

Quintero's claim is also unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that the exhaustion doctrine requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). It is immaterial that he brought his claim under § 2241 because "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975).

## V. CONCLUSION

After reviewing the Report and Recommendation for plain error, this Court finds that Quintero's Amended Petition for habeas relief is premature because state remedies have yet to be exhausted. The Court also finds that the Amended Petition requests both an unavailable remedy and review of an issue from which the Court must abstain, pending completion of Quintero's state court proceedings. For these reasons, the habeas corpus petition is dismissed.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge